UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAUL MARIN GONZALEZ,

Plaintiff,

v.

STATE OF CALIFORNIA,

Defendant.

No. 2:15-cv-1642-MCE-KJN PS

ORDER AND

FINDINGS AND RECOMMENDATIONS

Plaintiff Raul Marin Gonzalez, who proceeds in this action without counsel, has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 2.)[1] Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

For the reasons discussed below, the court concludes that it lacks subject matter jurisdiction over this action, and that further leave to amend would be futile. As such, the court recommends that the action be dismissed without leave to amend and that plaintiff's application to proceed *in forma pauperis* be denied as moot.

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). The court must *sua sponte* dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

Here, plaintiff's complaint, although vague and confusing, appears to allege that a state Workers' Compensation Appeals Board judge improperly denied plaintiff workers' compensation benefits, and thereby violated several of plaintiff's rights and also committed unspecified felony crimes. Plaintiff seeks $20,000,000.00 in damages from the State of California, presumably because it employs the judge. (See generally Complaint, ECF No. 1.)

As an initial matter, the court lacks subject matter jurisdiction, because plaintiff's complaint does not assert any federal claims, and there is no complete diversity of citizenship (with both plaintiff and defendant being citizens of California).

Moreover, even if plaintiff attempted to assert federal claims associated with the denial of workers' compensation benefits at issue here, this action would amount to a forbidden de facto appeal of a state court decision. Skinner v. Switzer, 562 U.S. 521, 531 (2011) (explaining that the Rooker-Feldman doctrine forbids a losing party in state court from filing suit in federal district court complaining of an injury caused by a state court judgment, and seeking federal court review and rejection of that judgment). Here, plaintiff alleges numerous errors and violations of his rights during the state workers' compensation proceedings, and resolution of plaintiff's claims in this case would plainly require a review of the merits of the state Workers' Compensation Appeals Board judge's decisions. Plaintiff's action is thus a forbidden de facto appeal to federal court. Instead, plaintiff's proper recourse for any error is an appeal to the appropriate California

superior and appellate courts, during which plaintiff may attempt to raise any alleged violation of his state or federal rights.

Therefore, the court concludes that it lacks subject matter jurisdiction over this action.

Ordinarily, the court liberally grants a pro se plaintiff leave to amend. However, because the record shows that plaintiff would be unable to cure the above-mentioned deficiencies through further amendment of the complaint, the court concludes that granting leave to amend in this case would be futile.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be dismissed without leave to amend.
2. Plaintiff's motion to proceed *in forma pauperis* in this case (ECF No. 2) be denied as moot.
3. The Clerk of Court be directed to close this case.

In light of these recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are stayed pending resolution of these findings and recommendations. Other than objections to the findings and recommendations or non-frivolous motions for emergency relief, the court will not entertain or respond to any pleadings or motions until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

////

////

IT IS SO ORDERED AND RECOMMENDED.

Dated: August 31, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE